UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIKA PARKER, | No. 2:24-cv-01195-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, a detainee at Napa State Hospital proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. Plaintiff has also filed a "Motion for Acquital; Appeal." ECF No. 4. For the reasons that follow, the court denies the IFP application and the motion and dismisses the action with leave to amend.

## Leave to Proceed In Forma Pauperis

The certificate portion of plaintiff's IFP application has not been filled out, nor has plaintiff filed a certified copy of her trust account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Whether these requirements apply to plaintiff depends upon whether she is being detained as a charged or convicted criminal defendant. "[O]nly individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for a criminal offense are 'prisoners'

1

1 within the definition of . . . [28] U.S.C. § 1915." *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir.
2 2000). Thus, persons detained pursuant to orders of civil commitment need not file a trust
3 account statement or have the certificate portion of the IFP application filled out. *Id.*; *see also*
4 *Hernandez v. Carpenter*, No. 2:24-CV-00151-SAB, 2024 U.S. Dist. LEXIS 221843, at *1 (E.D.
5 Wash. June 21, 2024).

6       Neither plaintiff's IFP application nor the complaint itself indicate whether plaintiff's
7 current detention at Napa State Hospital is pursuant to an accusation of criminal conduct or a
8 conviction or sentence entered against plaintiff for criminal conduct. Without that information,
9 the court cannot determine whether the application is sufficient as filed. Accordingly, the
10 application is denied without prejudice to its renewal accompanied either by the necessary
11 documentation (an application with a completed certificate portion and the trust account
12 statement required by § 1915(a)(2)) or sufficient information from which the court can determine
13 that plaintiff is detained pursuant to an order of civil commitment.

14 <center>Screening Standards</center>

15     A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
16 of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
17 plain statement of the claim showing that the pleader is entitled to relief, in order to give the
18 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
19 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
20 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
21 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
22 U.S. 662, 679 (2009).

23     To avoid dismissal for failure to state a claim a complaint must contain more than "naked
24 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
25 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
26 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
27 678.
28 ////

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Discussion

Plaintiff names as defendants: (1) Sacramento, (2) El Dorado Hills, (3) Placerville Police, (4) Sacramento Police, and (5) Napa State Hospital. ECF No. 1 at 2. She states three claims:

> Parker was in her vehicle THIS time she was approached by an officer though its not the first . . . Carmichael Sheriff (Police) left a burglarer [sic] in Parker's house years ago & Parker has continuously suffered because of that anytime someone found out what happened they don't understand it leaving Parker's reputation on the line because of Police errors. Parker desires a fresh start an expungement & settlement to start over before it's too late & then Parker's on the wrong side of the system. This has been a continuous issue since 2015.

\*\*\*

> "Officers" of consistently caused [sic] Parker property damage or loss. They've left her purse in the car as if it was nothing, of no importance.

\*\*\*

> Parker's identity is possibly in jeopardy due to them leaving her property in the vehicle; that poses a threat to her safety also being locked up with known criminals; shouting or hearing her name causes identity issues. Then doing all that to of premeditated conservatorship [sic], someone is implied in or while these things are happening; to of locked a innocent person up [sic] then plotted a conservatorship.

*Id.* at 3-5.

A sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). None of plaintiff's allegations specify how any particular defendant was involved in violating plaintiff's federal statutory or constitutional rights. Indeed, the complaint lacks sufficient facts to state any cognizable federal claim. Vague allegations that do not allege conduct of a specific, identifiable defendant cannot survive screening.

3

Plaintiff will be given the opportunity to amend the complaint to cure the deficiencies identified herein.

### Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

### The "Motion for Acquital; Appeal"

Plaintiff's brief "Motion for Acquital; Appeal" (ECF No. 4) suffers from the same defects as her complaint – it lacks sufficient information from which the court can determine the issue that plaintiff seeks to have redressed. In totality, the motion states:

> This motion has been denied several of times by El Dorado Hills; Placerville though it is filed correctly; please communicate this with Placerville going forward.
>
> \*\*\*
>
> Please provide or look into the badge numbers of the following officers listed in the 3/16/23 incident involving Mrs. Akika Parker that includes officer: [listing names]. Parker makes a complaint about said officers; for their role in a pursuit against Parker & blowing it far out of proportion. Parker had no warning in the instance & was mistreated by ways of discrimination. Parker wants the badge numbers of each individual involved and demands the court looks into the matter even to the point of suspending each officer.

ECF No. 4. Plaintiff provides only the vaguest of facts concerning her allegations against the listed officers, no facts indicating discrimination, and no facts establishing a context for her assertions. While plaintiff may sue the officers in federal court if she believes they have violated her federal rights, plaintiff provides the court with no authority under which the court may suspend these officers from their jobs.

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal accompanied by either (1) a completed affidavit in support of the request to proceed in forma pauperis on the form provided by the Clerk of Court (including the certificate portion), and a certified copy of the inmate trust account statement for the six month period immediately preceding the filing of the complaint OR (2) an amended complaint clarifying that plaintiff is not currently detained as a result of being accused of, convicted of, or sentenced for a criminal offense.

2. The Clerk of Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

/////
/////
/////
/////

3. Plaintiff's "Motion for Acquital; Appeal" (ECF No. 4) is DENIED.

4. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated: February 10, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE